COURT OF APPEALS
DECISION
DATED AND FILED

April 24, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1787-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2021CF185

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

MEGAN E. ZEIEN,

  DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Kenosha County: GERAD T. DOUGVILLO and BRUCE E. SCHROEDER, Judges. *Order reversed and cause remanded*.

¶1 GROGAN, J.[1] Megan E. Zeien appeals from a judgment of conviction and a postconviction order denying her motion seeking to withdraw her

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

guilty pleas to two misdemeanors. Zeien argues the circuit court erred in denying her plea withdrawal motion without holding an evidentiary hearing because, she says, the plea colloquy was deficient due to the circuit court's purported failure to comply with WIS. STAT. § 971.08's plea colloquy requirements. Specifically, she alleges the court: (1) failed to ask about her education level and relied on the Plea Questionnaire instead of personally asking her if she understood each of the constitutional rights she was waiving; and (2) failed to determine that a factual basis existed to support her pleas. She contends these failures resulted in her entering pleas that were not knowing, intelligent, and voluntary, and she therefore asks this court to reverse the postconviction order and remand for an evidentiary hearing.

¶2      This court agrees that Zeien sufficiently alleged a WIS. STAT. § 971.08 violation with respect to the absence of a factual basis for the plea. Accordingly, the circuit court erred in denying her postconviction motion without holding an evidentiary hearing, and this court reverses the circuit court's order and

remands the matter for an evidentiary hearing as required by ***State v. Bangert***, 131 Wis. 2d 246, 389 N.W.2d 12 (1986).[2]

## I. BACKGROUND

¶3      In February 2021, the State charged Zeien with the following three counts stemming from an altercation with her boyfriend:    (1) first-degree recklessly endangering safety, domestic abuse, with a dangerous weapon (felony), contrary to WIS. STAT. §§ 941.30(1), 939.50(3)(f), 968.075(1)(a), and 939.63(1)(a);   (2) battery, domestic abuse, with a dangerous weapon (misdemeanor), contrary to WIS. STAT. §§ 940.19(1), 939.51(3)(a), 968.075(1)(a), and 939.63(1)(a); and (3) disorderly conduct, domestic abuse, with a dangerous weapon (misdemeanor), contrary to WIS. STAT. §§ 947.01(1), 939.51(3)(b), 968.075(1)(a), and 939.63(1)(a).

¶4      At the initial appearance, Zeien's counsel advised that Zeien was twenty-seven years old, had graduated from high school, and was a licensed real

---

[2] This court is satisfied that no error occurred with respect to Zeien's allegations that the circuit court failed to adequately determine her education level and that it improperly relied on the Plea Questionnaire/Waiver of Rights form regarding her knowledge of the specific constitutional rights she was waiving.  Although the circuit court did not personally ask Zeien about her education level, that information was included on the Plea Questionnaire, and the circuit court could rely on it.  *See **State v. Moederndorfer***, 141 Wis. 2d 823, 827, 416 N.W.2d 627 (Ct. App. 1987).  With respect to the constitutional rights she was waiving, this court concludes that the circuit court's questions—together with the information on the Plea Questionnaire and Zeien's representations that she had gone over this with her counsel and understood these rights—were sufficient in this case.  *See **id.*** (permitting circuit court to "'*specifically refer to some portion of the record or communication between defense counsel and defendant which affirmatively exhibits defendant's knowledge of the constitutional rights he will be waiving*'" (citation omitted)).  *See also **State v. Hoppe***, 2009 WI 41, ¶32, 317 Wis. 2d 161, 765 N.W.2d 794 (providing that a completed plea questionnaire and waiver of rights form helps to ensure a knowing, intelligent, and voluntary plea).  This opinion is therefore limited to addressing Zeien's challenge as to the circuit court's failure to sufficiently establish there was a factual basis to support her pleas.

estate agent. After a series of delays not relevant to this appeal, Zeien ultimately waived the preliminary hearing because the State offered a plea bargain wherein she would plead guilty to counts two and three, and the State would dismiss count one and would recommend probation. The State further explained that the offer was subject to continued negotiations.

¶5     On August 11, 2021, the State, Zeien, and her counsel signed a Stipulated Hold Open Agreement (Agreement) that set forth the terms of an agreed-upon deferred prosecution agreement that deferred Zeien's prosecution for twelve months. As part of the Agreement, Zeien agreed to plead guilty to counts two and three, the State agreed to dismiss count one, and Zeien agreed to, inter alia, complete domestic abuse counseling, comply with the counselor's recommended treatment plan, and send a monthly letter updating the prosecutor about her counseling. The Agreement also required that Zeien "not possess any weapons or firearms[,]" refrain from consuming "alcohol or illegal drugs[,]" and "pay any requested restitution." The Agreement further indicated that if Zeien failed to comply with its terms or committed any other offenses during the twelve-month period, the prosecutor could move the circuit court to revoke the Agreement, proceed with the prosecution, and file bail-jumping charges. The parties filed the Agreement with the circuit court, together with a signed Plea Questionnaire/Waiver of Rights form, that same day.

¶6     The Plea Questionnaire/Waiver of Rights form states that Zeien is twenty-eight years old, has completed at least twelve years of schooling, has a high school diploma or equivalent, understands English, "understand[s] the charge(s) to which" she is pleading, is "currently receiving treatment for a mental illness or disorder[,]" and has not "had any alcohol, medications, or drugs within the last 24 hours." The form also lists the constitutional rights Zeien agreed to

waive by entering a plea, and a handwritten mark next to each right listed indicated that Zeien understood the rights, that she understood she was waiving those rights, and that she was doing so of her "own free will."[3]

¶7      In signing the Plea Questionnaire/Waiver of Rights form, Zeien also acknowledged she understood that if she instead chose to go to trial, the State would have to prove the relevant elements beyond a reasonable doubt and that her attorney had discussed those elements with her as indicated on the attached sheet identifying the criminal offenses and their corresponding elements.   She also confirmed that:  (1) she was "enter[ing] this plea of [her] own free will"; (2) she had "not been threatened or forced" to do so; (3) "[n]o promises [had] been made to [her] other than those contained in the plea agreement"; (4) she had reviewed the form and attachments with her attorney and understood them; and (5) she had answered all questions truthfully.   Zeien's attorney also signed the Plea Questionnaire/Waiver of rights form, thereby confirming these discussions had occurred, that he believed Zeien understood the plea agreement, and that Zeien was entering her plea freely, voluntarily, and intelligently.

¶8      The plea hearing occurred on August 16, 2021—just a few days after Zeien signed and filed the Agreement and Plea Questionnaire/Waiver of Rights form—at which time the prosecutor advised the circuit court about the Agreement. The court thereafter asked Zeien if she understood what was happening and if this

---

[3] The Plea Questionnaire/Waiver of Rights form identifies the following constitutional rights:  (1) "right to a trial"; (2) "right to remain silent"; (3) "right to testify and present evidence at trial"; (4) "right to use subpoenas to require witnesses to come to court and testify for me at trial"; (5) "right to a jury trial, where all 12 jurors would have to agree that [she is] either guilty or not guilty"; (6) "right to confront in court the people who testify against me and cross-examine them"; and (7) "right to make the State prove me guilty beyond a reasonable doubt."

was how she wished to proceed, and Zeien answered affirmatively to both questions. Zeien also confirmed she had reviewed and understood the Plea Questionnaire/Waiver of Rights form and the Agreement and that she had signed both documents. The court also asked Zeien if she understood the rights discussed in the papers she signed and that she would be waiving those rights if she pled guilty. Zeien responded, "Yes, sir, I do."

¶9    The circuit court then addressed both crimes to which she was entering pleas. With respect to the battery charge, the court said:

> The crimes of battery -- battery is a misdemeanor which can ordinarily be punished by up to nine months imprisonment and a $10,000 fine. However, because it is alleged that you were using a dangerous weapon, that sentence could actually be as long as 15 months, and disorderly conduct is a misdemeanor for which you could ordinarily be imprisoned for up to 90 days and fined up to $1,000. However, because it is alleged that you were using a dangerous weapon, that sentence could be as long as nine months. If you plead guilty to each of these counts and ultimately are placed up for sentence because of noncompliance with the agreement, you could be imprisoned for a total of up to two years and fined up to $11,000. Do you understand that?

Zeien answered: "Yes, I do." When the court asked Zeien if "anybody promised [her] that would not happen in this case"—in other words, whether she had been promised that the maximum penalties would not be imposed—Zeien confirmed no such promises had been made. The court then confirmed that Zeien understood that the Agreement she entered was a contract between her and the district attorney, that the court has almost no discretion regarding its terms, and that she did not have any questions. The court thereafter advised Zeien that if she failed "to comply with the agreement, then [she would] have no trial rights because [she]

will have already pled guilty and will go directly to sentencing as soon as the period of deferral is reopened." Zeien confirmed she understood this as well.

¶10 With respect to the disorderly conduct charge, the circuit court explained:

> It is further charged that you committed the crime of disorderly conduct at the same time and place engaging in violent, abusive, and other disorderly conduct under circumstances in which that conduct tended to cause or provoke a disturbance while you were armed with a dangerous weapon, namely a knife. Do you understand the charge?

Zeien answered, "Yes, sir, I do." When asked how she pled to both the battery and disorderly conduct charges, Zeien responded "Guilty, Your Honor."

¶11 After the exchange with Zeien, the circuit court asked both the prosecutor and Zeien's attorney whether there was any reason it should not accept the pleas, and both attorneys responded negatively. The court therefore accepted the pleas, deferred further action on the case for twelve months, and set the next court date for twelve months out. Before ending the hearing, the court indicated it had forgotten to ask one thing and then addressed Zeien: "On your questionnaire, you indicated that you were having some health care treatment at this time. Is that impairing your reasoning power or judgment in any way?" Zeien answered, "No, sir, it does not."

¶12 In November 2021, the State filed a motion to revoke the Agreement after Zeien committed new crimes and consumed alcohol in violation of the Agreement's terms. Zeien did not contest the motion. Instead, she entered into a plea bargain with the State on the new charges and proceeded to sentencing on both cases. At the August 2022 sentencing hearing, the circuit court withheld

sentence and placed Zeien on probation for two years.[4] Following sentencing, the court entered judgment on the battery and disorderly conduct pleas Zeien had previously entered.

¶13    After obtaining an extension of time to file a notice of appeal or postconviction motion from this court, Zeien filed her postconviction motion in the circuit court in July 2023, seeking to withdraw her battery and disorderly conduct pleas. As grounds for her plea, Zeien alleged the plea colloquy was deficient because the circuit court failed to determine the extent of her education and capacity to understand the issues, did not review each of the constitutional rights she was waiving, and failed to determine whether there was a factual basis to support her pleas. The postconviction court denied Zeien's motion without holding a hearing. Zeien now appeals.

## II. DISCUSSION

¶14    The sole issue in this case is whether the postconviction court erred when it denied Zeien's postconviction motion without holding an evidentiary hearing. Zeien is entitled to an evidentiary hearing on her plea withdrawal motion if she: (1) "makes a prima facie showing that the circuit court's plea colloquy did not conform with [WIS. STAT.] § 971.08 or other procedures mandated at a plea hearing;" and (2) alleges she "did not know or understand the information that should have been provided at the plea hearing." *See **State v. Brown***, 2006 WI 100, ¶2, 293 Wis. 2d 594, 716 N.W.2d 906. Thus, this court's task is to determine

---

[4] The circuit court also imposed sentence on the operating under the influence (first offense) charge at the sentencing hearing. Although the Honorable Bruce E. Schroeder presided over most proceedings in this case and decided the postconviction motion, the Honorable Gerad T. Dougvillo presided at the August 2022 sentencing.

whether Zeien "raised sufficient concerns about whether" her "pleas were knowing, intelligent, and voluntary" so as to make the postconviction court's decision summarily denying her motion without holding a hearing erroneous. *See id.*, ¶20. This court does not decide whether Zeien entered her pleas knowingly, intelligently, and voluntarily or whether a refusal to allow plea withdrawal would result in a manifest injustice. *See State v. Howell*, 2007 WI 75, ¶70, 301 Wis. 2d 350, 734 N.W.2d 48.

¶15 Whether Zeien's motion sufficiently identifies deficiencies in the plea colloquy to establish a violation of Wis. Stat. § 971.08 or other mandatory duties at a plea hearing is a question of law this court reviews independently. *See Brown*, 293 Wis. 2d 594, ¶21. Similarly, this court's review as to whether Zeien's motion sufficiently alleged that she did "not know or understand information that should have been provided at the plea hearing is a question of law." *See id.*

¶16 Our supreme court has repeatedly reminded circuit courts that "Wis-JI Criminal SM-32 (1995) summarizes the duties a circuit court should complete in accepting a guilty, no contest, or *Alford* plea and prescribes a recommended procedure to ensure no step is omitted. *See North Carolina v. Alford*, 400 U.S. 25 (1970)." *Brown*, 293 Wis. 2d 594, ¶23 n.11. The *Brown* court "strongly encourage[d] courts to follow these plea-acceptance procedures." *Id.* This court echoes those admonitions.

¶17 *Brown* specifically instructs that "[d]uring the course of a plea hearing, the [circuit] court must address the defendant personally and [among other duties] … [a]scertain personally whether a factual basis exists to support the plea[.]" *Id.*, ¶35. If a plea withdrawal motion establishes that the court failed to do so "and makes the requisite allegations" that the defendant "did not know or

understand the information that should have been provided at the plea hearing," then "the court must hold a postconviction evidentiary hearing at which the state is given an opportunity to show by clear and convincing evidence that the defendant's plea was knowing, intelligent, and voluntary despite the identified inadequacy of the plea colloquy." *Brown*, 293 Wis. 2d 594, ¶¶2, 40.

¶18 Based on a review of the plea hearing transcript, this court concludes that Zeien has established a prima facie showing that the circuit court did not fully comply with WIS. STAT. § 971.08 and *Bangert* because it failed to address whether there was a factual basis to support Zeien's pleas. "The factual basis requirement 'protect[s] a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" *State v. Thomas*, 2000 WI 13, ¶14, 232 Wis. 2d 714, 605 N.W.2d 836 (alteration in original). Although a defendant does not need to personally admit to the facts alleged, the court must—on the record—establish that a factual basis exists before accepting the plea. *Id.*, ¶¶20-21. This can be accomplished in a number of ways: "A factual basis may … be established through witnesses' testimony, or a prosecutor reading police reports or statements of evidence." *Id.*, ¶21. It can also be "established when counsel stipulate[s] on the record to facts in the criminal complaint." *Id.* None of that occurred at the plea colloquy at issue. This deficiency alone, however, does not in and of itself require an evidentiary hearing on Zeien's motion. Rather, in addition to identifying a plea colloquy deficiency, Zeien's motion must also allege what she "did not understand, and connect [her] lack of understanding to the deficiencies." *See Brown*, 293 Wis. 2d 594, ¶67.

¶19 In her plea withdrawal motion, Zeien asserted she told the presentence investigation agent that "the criminal complaint [was] 'a tale of lies'"

and said that "[b]ecause the [circuit] court did not personally question [her] regarding the facts that led to her plea, the court could not personally ascertain whether there was a factual basis to accept [her] plea." She further asserted that "because there [was] no discussion of the facts alleged in this matter in the plea hearing, there is no way to determine whether [she] understood those facts that she was entering a plea of guilt to."

¶20    The State, in response, argues that the Plea Questionnaire/Waiver of Rights form confirms that Zeien understood "that if the judge accept[ed] [her] plea, the judge will find [her] guilty of the crime(s) to which [she was] pleading *based upon the facts in the criminal complaint and/or the preliminary examination and/or as stated in court*." (Emphasis added.) Despite this statement on the form, the law nevertheless requires that the circuit court personally ascertain a factual basis for the plea on the Record, and relying solely on the Plea Questionnaire's compound statement—which gives three possibilities with reference to the criminal complaint, the preliminary examination, and statements made during court proceedings—fails to satisfy this requirement.

¶21    The State also points to the circuit court's recitation of the charges at the plea hearing and argues that the court, in doing so, "directly appl[ied] [Zeien's] actions to the elements of the crime[s] [with] which she was charged" and "highlight[ed] [the] case-specific details such as the type of weapon she allegedly used," and that in response, Zeien confirmed "the nature of her actions, the weapon used, the date, and geography in which these events all took place." In reviewing the plea hearing transcript, however, it is clear that the court did nothing more than recite the charges and then ask Zeien either "Do you understand this *charge* against you?" or "Do you understand that?" (Emphasis added.) While the State suggests this was sufficient to establish that Zeien confirmed there was a

factual basis to support her pleas, this court disagrees. Rather, the court's recitation of the charges and ensuing confirmation that Zeien understood did nothing more than confirm that Zeien understood *the charges*—it was neither confirmation nor affirmation that she engaged in the actual conduct itself for purposes of satisfying the factual basis requirement.

¶22 Accordingly, this court reverses the postconviction court's order denying the plea withdrawal motion and remands for an evidentiary hearing at which the State will have the opportunity to prove that, despite the plea colloquy deficiency, Zeien's pleas were entered knowingly, voluntarily, and intelligently.[5] *See Bangert*, 131 Wis. 2d at 274-75.

*By the Court.*—Order reversed and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[5] To the extent the State's argument can be read as suggesting this court should review the Record as a whole and conclude that Zeien's pleas were in fact entered knowingly, voluntarily, and intelligently, it is clear that this court may not do so. *See State v. Howell*, 2007 WI 75, ¶70, 301 Wis. 2d 350, 734 N.W.2d 48 ("In a *Bangert* motion, a … reviewing court examine[s] only whether 'a defendant is entitled to an evidentiary hearing when the court errs at a plea hearing.' The State cannot circumvent a defendant's right to an evidentiary hearing under *Bangert* by arguing that based on the record as a whole the defendant, despite the defective plea colloquy, entered a constitutionally sound plea." (footnote omitted)); *see also state v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986).